IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Randy F. Kinard, ) | |
| ) | Civil Action No. 8:03-3322-HFF-WMC |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| Newberry County Detention Center, ) | |
| Newberry County Sheriff's Department, ) | |
| and Newberry County, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the plaintiff's motion for a protective order and the plaintiff's motion to compel answers to interrogatories and requests for production. These motions were referred to this court for disposition by the Honorable Henry F. Floyd, United States District Judge, pursuant to Title 28, United States Code, Section 636(b)(1)(A).

In his complaint, the plaintiff alleges that he suffered a severe closed head injury while incarcerated at the county jail and was subjected to deprivation of sufficient and appropriate medical care amounting to negligence and constituting cruel and unusual punishment in violation of his Constitutional rights under the Eighth and Fourteenth Amendments; all in violation of Title 42, United States Code, Section 1983. He alleges that his physical and mental abilities have been severely impaired as a result of the defendants' conduct.

*Motion For Protective Order*

On April 8, 2004, the plaintiff moved the court to appoint his mother as his *guardian ad litem* to prosecute this action for him. In support of this motion, the plaintiff's

counsel claimed that the plaintiff's alleged injuries rendered him incapable of communicating effectively with him and that he was unable to make decisions and carry out tasks necessary to continue this action or to adequately protect his own interests.  Finding that the plaintiff appeared incompetent to prosecute his claims against the defendants, the court issued an order on April 19, 2004, by which his mother was appointed to serve as his *guardian ad litem*.

Defendant Mark A. Davis noticed the deposition of the plaintiff for January 25, 2005.  On January 24, 2005, plaintiff's counsel filed a motion for protective order to prevent the plaintiff's deposition from being taken.  Specifically, plaintiff's counsel argued that the plaintiff lacks the mental capacity to submit to a deposition.  The defendants opposed the motion based on their contention that the plaintiff had failed to show that he was not competent as the term has been defined by the courts.  In reply, the plaintiff submitted the report of L. Randolph Waid, Ph.D., who performed a neuropsychological evaluation of the plaintiff on February 17, 2005.  This court invited the defendants to respond to the plaintiff's medical evidence submitted on reply; the defendants elected not to do so.

As initial support for this motion, plaintiff's counsel submitted the report of Dr. Robert Brabham, who examined the plaintiff in March 2003.  At that time, he found the plaintiff to be a poor historian and that he suffered from cognitive difficulties.  He further found that he could not read or write and functioned at the level of total illiteracy.  He assessed the plaintiff as "functioning in the range of mental retardation."

In their opposition to the plaintiff's motion, the defendants argued that the plaintiff had failed to establish that he does not understand the difference between the truth and a lie, that he does not understand that it is wrong to lie, or that he has no recollection of the events in this matter.  In the meantime, however, the plaintiff submitted to the neuropsychological evaluation, and submitted as further support for his motion the report of Dr. Waid. Dr. Waid's report included findings that:

2

> • the plaintiff is not intelligible either directly or through an interpreter;
>
> • he is not able to perceive, remember, or communicate information about the alleged event that took place on August 21, 2002;
>
> • his neurocognitive impairments make it unlikely that he would even understand the questions directed to hm by attorneys in deposition or other inquiries; and
>
> • the severity of his neurocognitive impairments as well as his easy agitation and confusion make him incapable to accurately respond to inquiries, even with regard to reporting that he has "no recollection" of the event.

(Pl. reply att. A at 7.)

Federal Rule of Evidence 601 provides that "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the competency of a witness shall be determined in accordance with State law." Here, the plaintiff has asserted state law claims for negligence and gross negligence. Thus, South Carolina law supplies the rule of decision, and this court must turn to South Carolina law to determine the competency of the witness.

South Carolina Rule of Evidence 601 provides:

> (a) General Rule: Every person is competent to be a witness except as otherwise provided by statute or these rules.
>
> (b) Disqualification of a Witness: A person is disqualified to be a witness if the court determines that (1) the proposed witness is incapable of expressing himself concerning the matter as to be understood by the judge and jury either directly or through interpretation by one who can understand him, or (2) the proposed witness is incapable of understanding the duty of a witness to tell the truth.

Under South Carolina law, "[t]he party opposing a witness has the burden of proving the witness is incompetent. *State v. Needs*, 508 S.E.2d 857, 861 (S.C. 1998) (citation omitted).

Based on the report of Dr. Waid, this court is satisfied that the plaintiff is not competent to testify in a deposition or at trial. Because the plaintiff is not intelligible directly

3

or with the assistance of an interpreter, he is incapable of expressing himself concerning the matter as to be understood by the judge and jury.  Rule 601(b)(1), SCRE.  This deficiency is sufficient to disqualify him as a witness.  Nevertheless, the court is also convinced that the plaintiff, even if he could express himself intelligibly, is unable to testify truthfully because he is unable to recall the events of August 21, 2002, and he is unable to accurately respond to inquiries regarding the event.  Rule 601(b)(2), SCRE.  Accordingly, the plaintiff has satisfied his burden.  The plaintiff's motion for a protective order to prevent the taking of his deposition is granted.

### *Motion to Compel*

On March 21, 2005, the plaintiff filed a motion to compel answers to interrogatories and requests for production.  The plaintiff served interrogatories and requests for production on the defendants on January 28, 2005, and received the defendants' responses to on February 28, 2005.  The plaintiff specifically seeks to compel more complete responses to interrogatories 12-14 and 21 and to requests for production 5 and 11.

### **Interrogatories 12-14**

In interrogatory 12, the plaintiff seeks "the total dollar amount allocated by Newberry County Council for the Newberry County Budget for each fiscal year beginning with fiscal year 1995 and fiscal year 2005."  For these fiscal year budget amounts, in interrogatory 13, the plaintiff seeks the percentage of each total budget allocated for the operation of the Newberry County Detention Center.  For each of these allocated amounts, in interrogatory 14, the plaintiff seeks the percentage allocated to inmate medical care.   The defendants answered these interrogatories by citing Rule 33(d) of the Federal Rules of Civil Procedure and directing the plaintiff to the annual budget information maintained as business records on behalf of the County Council for Newberry County.  In addition, the defendants advised

4

the plaintiff to contact the Clerk to Council, the address of the location of the records, and the normal business hours during which the records could be inspected. The plaintiff challenges this response as insufficient.

> Rule 33(d) provides:
>
> Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records, and to make copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

When Rule 33 was amended in 1970 to include the option to produce business records, the Advisory Committee Notes explained that the amendment sought to address

> especially [those] interrogatories which require a party to engage in burdensome or expensive research into his own business records in order to give an answer. . . . This provision, without undermining the liberal scope of interrogatory discovery, places the burden of discovery upon its potential benefittee.

(Internal citations omitted.) Thus, this rule has been characterized as both an elective and self-executing procedure by the party which has been served with interrogatories. *S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 576 (M.D.N.C. 2002). When the court receives a motion to compel, the movant

> must make a prima facie showing that the use of Rule 33(d) is somehow inadequate to the task of answering the discovery, whether because the information is not fully contained in the documents, is too difficult to extract, or other such reasons. The burden then shifts to the producing party to justify use of Rule 33(d) instead of answering the interrogatories.

5

*Id.* (citing *ITT Life Ins. Co. v. Thomas Nastoff, Inc.*, 108 F.R.D. 664 (N.D. Ind. 1985)).

Here, the plaintiff has not met his initial burden. In challenging the adequacy of the defendants' reliance on Rule 33(d) in answering interrogatories 12, 13 and 14, the plaintiff takes issue with the fact that the business records are described as "public records" available for inspection. The plaintiff is correct that Rule 33(d) is not reserved for public records. However, Rule 33(d) does not preclude the production of business records that are also considered public records when (1) the interrogated party is able to represent that the requesting party will be able to secure the information which is sought by the interrogatory in the records; (2) there is a burden on the interrogated if it were required to answer the interrogatories in the traditional manner; and (3) the burden of ascertaining the answer is substantially the same for both parties. *Sabel v. Mead Johnson & Co.*, 110 F.R.D. 553, 555-56 (D.Ma. 1986).

The defendants have represented that to derive the information requested by interrogatories 12-14 "would require compilation of budgetary information throughout each fiscal year, and would require the examination of the various minutes from County Council meetings where the Budget would be addressed and/or modified on a continuing basis." In other words, the information is available in the business records of the County Council, there is a burden on the defendants to compile this information if it answered in a traditional manner, and that burden is substantially the same for both parties. Although the plaintiff argues that the defendants are more familiar with these records, an interrogated party will always be more familiar with its own records than the interrogating party. Thus, "familiarity with the records cannot be the sole test. The inquiry is whether the relative burdens are substantially the same, not whether they are precisely equal." *Sabel*, 110 F.R.D. at 556. Because the plaintiff has not demonstrated otherwise, the defendants' reliance on Rule 33(d) in answering interrogatories 12, 13 and 14 is appropriate, and the plaintiff's motion to compel with respect to these interrogatories is denied.

**Interrogatory 21**

By interrogatory 21, the plaintiff requested the name, court, and docket number for each civil action in which an individual has sued the defendants for injuries allegedly suffered as a result of inadequate medical care at the Newberry County Detention Center. The defendants objected to this interrogatory as irrelevant and asserted that the information was available in the public domain readily accessible to the plaintiff through independent fact finding.  In their response to the plaintiff's motion to compel, the defendants further explained

> this particular interrogatory solicits information that is extremely sweeping with no particular period of time indicated in the request.  The difficulty posed with this particular request is that much of the "institutional knowledge" associated with this information, if it ever existed at all, no longer exists.  In the last 5 years, the Director for the Detention Center, and the Interim Director who replaced him, are both now deceased.  A search of County records reveals that there is no consolidated civil action file or repository.
>
> Additionally, much of the litigation concerning the Detention Center is filed by prisoners/inmates in Federal Court.  It is believed that many of these cases, which may or may not contain the allegations referenced in Plaintiff's request, were never served on the County, ant that many such actions appear to have been dismissed summarily without any notice to the County.  Moreover, it appears that the County records are not complete within this area, simply because through the years all civil actions, subject to coverage by the South Carolina Insurance Reserve Fund, were provided to outside counsel.  As a result, these files, that would contain civil actions generally and inadequate medical care specifically, are not existent at the County.  In short, there is no file or contact at the County who can provide this information.

Finally, the defendants assert their "belief that no such actions have been filed against the County, within the confines of recent "institutional memory."

The court agrees that the identity of other lawsuits against the defendants that involve allegations similar to those herein may lead to the discovery of information that is relevant to this case.  However, the defendants have met their burden of conducting a good faith inspection of their files to respond to this interrogatory.  Based upon the defendants'

7

belief and representation that no actions have been filed against them in which an individual has sued for injuries suffered as a result of inadequate medical care at the Newberry County Detention Center, the defendants have sufficiently responded to interrogatory 21, and the plaintiff's motion to compel is denied with respect to this interrogatory.

**Request for Production 5**

In request for production 5, the plaintiff requested various documents, including correspondence between Newberry County and the South Carolina Department of Corrections regarding the Newberry County Detention Center. The defendants responded that all documents responsive to this request had been previously provided. The plaintiff, however, expresses suspicion that other documents exist since those produced refer to prior correspondence (presumably not produced) and argues that the defendants have failed to conduct an adequate search of their records and failed to adequately respond to the plaintiff's request.

In their response to the plaintiff's motion, the defendants explain that efforts to locate additional records have been complicated by the deaths of the previous Director and Interim Director of the Newberry County Detention Center, by the realignment of the Detention Center under the Sheriff (as opposed to the Newberry County Council) in August 2002, and by the renovation of the Detention Center. It appears that the defendants have conducted a good faith inspection of their files and have provided all records responsive to the plaintiff's request. The plaintiff's motion to compel additional responses to this document request is denied.

**Request for Production 11**

In request for production 11, the plaintiff requested personnel records for employees of the Newberry County Detention Center who were employed in August 2002.

8

The defendants responded that responsive documents had been previously produced and objected to the release of any personnel information that is protected by the Privacy Act.

In his motion, the plaintiff complains that those documents do not contain employee disciplinary records or employee evaluations; thus, the plaintiff is suspicious that the defendants' response is incomplete. The defendants explain, however, that the only personnel information contained in the files but not provided is restricted to payroll issues, tax issues and/or dependant issues. This information was withheld because, during a conversation with defendants' counsel, plaintiff's counsel represented that he was not interested in this type of information. Otherwise, the defendants represent that all information contained in files of the defendants regarding employees of the Detention Center in August 2002 had been previously provided. Again, this court is satisfied that the defendants have conducted a good faith inspection of their files and produced all responsive documents. The plaintiff's motion to compel additional responses to this document request is denied.

## **CONCLUSION**

Now, therefore, based on the foregoing,

IT IS ORDERED that:

(1)    the plaintiff's motion for protective order is granted;

(2)    the plaintiff's motion to compel is denied.

IT IS SO ORDERED.

                                                              s/William M. Catoe
                                                              United States Magistrate Judge

May 10, 2005

Greenville, South Carolina